13-2719
Chen v. Lynch

BIA
Connelly, IJ
A073 056 172

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand fifteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

HUAN CHEN,
*Petitioner,*

v.                       13-2719
                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Shari L. Astalos, Kerry W. Bretz, Bretz & Coven, LLP, New York, N.Y.

FOR RESPONDENT:       Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Sabatino F. Leo, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Huan Chen, a native and citizen of China, seeks review of a June 17, 2013, decision of the BIA affirming, in part, an Immigration Judge's ("IJ") December 7, 2012, denial of withholding of removal and Convention Against Torture ("CAT") relief. *In re Huan Chen*, No. A073 056 172 (B.I.A. Jun. 17, 2013), *aff'g* No. A073 056 172 (Immig. Ct. Batavia Dec. 7, 2012). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the IJ's determination that one of Chen's convictions was a particularly serious crime. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We generally lack jurisdiction to review the removal order of an alien who, like Chen, was found removable by reason of having committed an aggravated felony. 8 U.S.C. §§ 1227(a)(2)(A)(iii)& 1252(a)(2)(C). However, we retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). Here, we lack jurisdiction over Chen's challenges to the denial of withholding of removal and assume jurisdiction to consider the merits of Chen's request for CAT relief.

Chen contests the weight accorded certain evidence (specifically, the weight given to evidence of general country conditions in China and the existence of a Chinese criminal statute). Such arguments pose challenges to the agency's factual findings and do not raise reviewable constitutional issues or questions of law. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) ("[W]e remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding"). Although Chen frames some of his claims to suggest he is raising a question of law—for example, that he met the legal standard for showing a pattern or practice of abuse toward the

3

mentally ill and criminals in China—the root of his challenge is that the agency did not properly weigh country conditions evidence, which is not a question of law. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-30 (2d Cir. 2006).

In response to the Government's argument that we lack jurisdiction, Chen proffers a constitutional claim: that the BIA deprived him of due process by crediting his testimony that the "last time [he] left the United States was in November of 2010" instead of relying on his contradictory testimony and evidence suggesting he was incarcerated in the United States at that time. Although Chen employs the rhetoric of a constitutional issue by styling this as a "due process claim," he is really challenging the weight accorded the evidence, i.e., he argues that the agency should have credited one part of his testimony over another. *Xiao Ji Chen*, 471 F.3d at 330.

In any event, Chen was not deprived of due process. Due process requires, at a minimum, that an alien "be afforded the opportunity to be heard at a meaningful time and in a meaningful manner . . . by an impartial and disinterested tribunal," free from "the appearance of bias

4

or hostility...." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (citations and internal quotations omitted).  The record shows that not only did Chen testify that he spent four months in China beginning in November 2010, but his attorney made the same representation, Chen submitted a sworn affidavit confirming the trip, and Chen's application for relief also stated the same.  The determination of whether to credit Chen's testimony and the evidence supporting it is a question of fact for the agency.  *Cf. Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (internal quotations and citation omitted)).  That the agency credited this body of evidence does not establish that Chen was deprived of a full and fair opportunity to be heard before an impartial tribunal.  Altogether, Chen has not met the standard for withholding of removal.

As to CAT relief, Chen argues that the pervasive atmosphere of corruption and human rights violations in China are sufficient to meet his burden.  However, general evidence of human rights violations, including general instances of torture, does not warrant CAT relief where there is no evidence that someone in petitioner's particular

5

circumstances is more likely than not to suffer torture upon removal. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005). As Chen has not proffered any particularized evidence that he will likely face torture, he has not met his burden. Additionally, as discussed above, Chen's ability to return to China on four occasions without incident undercuts his alleged fear of torture.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6